JOSEPH H. PATTEN *vs.* ELIAS H. HEUSTIS.

1. A general statement of the performance of conditions precedent in a state of demand is sufficient. Technical accuracy of pleading is not required in justices' courts.

2. It is *prima facie* sufficient if the plaintiff proves the execution of the covenant by the defendant; he is not required to produce or prove the counterpart.

3. Covenant may be brought on a sealed agreement that, in consideration of certain services rendered and materials furnished on a farm, plaintiff should receive one-half the crops.

*Certiorari* to Morris Pleas in a case of appeal.

The state of demand was in covenant, and after setting forth the material parts of the agreement upon which the action was brought, averred that the plaintiff well and truly performed and fulfilled all and singular the covenants and agreements in the said agreement mentioned on his part to be done and performed, and that he found all the labor necessary to carry on the ordinary and usual operations of said farm for the term of one year, &c., including the care of the stock and all other matters and things to be done and performed by plaintiff, and concluded that defendant had not fulfilled the agreement on his part, but, on the contrary, on the 28th day of February, 1854, neglected and refused to pay or deliver to plaintiff, and to allow him to have or take, one-half of all the corn, grain, eggs, potatoes, butter, fruit and pork raised and produced from said farm and by the farming operations and labor of plaintiff, &c., although often requested

so to do on the day and year aforesaid; but there was due to plaintiff, and of right he ought to have and receive, under said agreement, fifty bushels of oats, of the value of $25; sixty bushels of ears of corn, of the value of $24; thirty bushels of potatoes, of the value of $45; and five pigs, of the value of $3, which defendant refused to allow the plaintiff to receive and take, and refused to divide off to him; but the defendant kept and detained the same from plaintiff, &c., to his damage one hundred dollars.

The agreement proved to have been sealed and delivered by defendant was in the following words:

"Memorandum of an agreement made between Joseph H. Patten and Elias H. Heustis, this 28th day of February, 1853.

The said Heustis is to find all the labor necessary to carry on the ordinary and useful operations of the farm the same as were done last year, including keeping the fences and roads in order, is to set the Mulford meadow fence and the circular fence, he to draw the stuff, and to pay for all the materials, and is to draw the stuff for the peach orchard fence; and said Heustis is to furnish a pair of horses at his own expense, the feeding of them with grain to be not over a peck of grain, or its equivalent, a day, after the first day of November next; he is to take care of my part of the house and myself, and family and friends, as heretofore by his family and Mr. White. And then said Heustis is to find one-half of the seed, and is to put in so much wheat as is now on the place; the said Patten is to find one ox team, and is to keep good the number of cows now on the place, and. to find all carts, tools, and implements. And said Heustis is to receive, in full compensation for all the care necessary to carry on the said farm during one year from this day, including the care of all the stock, one-half of all the corn, grain, eggs, potatoes, butter, fruit, and pork, not including the two sows now in hand. The above to be in full of all charges and expenses of every kind."

A state of the case, agreed upon by counsel, set forth that the plaintiff below having proved the agreement mentioned in the declaration, but offering no evidence to prove the execution of said agreement, or any counterpart thereof by Heustis, the appellant objected to the agreement being received; but the court overruled the objection, and allowed the agreement to be read in evidence.

After hearing the evidence on both sides, the Court of Common Pleas rendered a judgment in favor of Heustis.

Argued before Justices ELMER and HAINES.

*Keasbey*, for plaintiff, in *certiorari*, insisted—

*First*. The state of demand is not good. It does not state the performance of the conditions precedent in the agreement, and it does not state how much grain, &c., there was, both of which are essential.

*Second*. The agreement was not entitled to be received without the counterpart. Unless both parties executed it, there was no complete contract.

*Third*. Covenant will not lie on this agreement to constitute a partnership between the parties as to the farming, or if not, at any rate they were tenants in common of the produce, and the only action that could be maintained was account. *Musier* v. *Trumbour*, 5 *Wend.* 276; *Allen* v. *Davis*, 8 *Eng.* (*Ark.*) 28; *Murray* v. *Bogert*, 14 *Johns.* 318; *Halsted* v. *Sheldon*, 17 *Johns.* 80; *Caswell* v. *Districh*, 15 *Wend.* 379; *Putnam* v. *Wise*, 1 *Hill* 234; *Demott* v. *Hagerman*, 8 *Cow.* 220; *Hard* v. *Darling*, 14 *Verm.* 214; *Alvah* v. *Fairbanks*, 10 *Verm.* 314; 19 *Verm.* 442; *Mattocks* v. *Lyman*, 16 *Verm.* 113.

*Dalrimple*, for defendant in *certiorari*, referred to 1 *Chit.* 524, 531; *Ib.* 321, 327; 1 *Saund. Pl. and Ev.* 130.

The opinion of the court was delivered by

ELMER, J. We think the state of demand sufficiently

explicit. Technical accuracy of pleading is not required in a justice's court. It is sufficient if the demand contains in itself a legal cause of action, apprises the defendant of the complaint against him, and so states the case that it may afterwards appear what was decided. There is an express averment that the plaintiff well and truly performed all and. singular the covenants and agreements in the agreement mentioned on his part to be done and performed. It is also averred that, on a day named at the expiration of the agreement, there was due to him, and he was entitled to have and receive certain specified quantities of grain, &c., of certain specified values, and that the said defendant, although on the said day requested, refused to allow him to take and receive the same, but kept and detained the same from him.

As to the counterpart, the plaintiff was not obliged to prove it. There was no proof that there was a counterpart. An action of covenant may be brought on a deed-poll as well as on an indenture; and in many cases a party is liable to the action, who has not himself sealed the instrument. *Finley* v. *Simpson*, 2 *Zab.* 321. Where there is a counterpart, ordinarily the execution of the agreement is not meant to be complete until both are signed, sealed and delivered; but in this case the state of the case sets forth that the agreement sealed by Patten was proved, which was *prima facie* sufficient. If the defendant wished to show that he sealed and delivered it only on condition that the plaintiff sealed and delivered the counterpart, and that in fact it was not his deed, he should have introduced the proof. The most formal declaration makes profert only of the covenant sealed by the defendant, and this only is to be proved.

A more important objection, and the one most relied on for a reversal of the judgment, was that covenant could not be brought upon the agreement in question. The argument for the plaintiff in *certiorari* was, that if the agreement did not create a partnership between the par-

ties respecting the farm, it made them tenants in common of the produce, and that the only action that can be sustained between tenants in common for a division of the profits is the action of account. We are not satisfied, however, that the agreement was intended to make the parties either partners or tenants in common. It is vague and obscure of itself. The surrounding circumstances in regard to the operations of the previous year, the occupancy of the premises by the respective parties, and the manner of keeping, using, and disposing of the crops, which were proved on the trial, and which may have materially aided the courts in ascertaining the true meaning of the instrument, are not before us. We ought, therefore, to make every reasonable intendment in support of the judgment. The relation of landlord and tenant does not appear to have existed, nor does it seem that Heustis was intended to have any property in or possession of the crops. He was apparently the mere servant of Patten, to be paid for specified services and materials, by having delivered to him, or being permitted to take, one-half the crops, This involved no tenancy in common on division of profits. It was held in the case of *Perrine* v. *Hankinson*, 6 *Halst.* 181, that where, by an agreement, the plaintiff was to receive from the defendant a portion of the profits of a farm and tavern by way of rent, he might sue in *assumpsit* for his share. In the case before us the complaint is, that although plaintiff performed the services and furnished the materials on his part, for which he was entitled to receive and take a certain specified quantity and value of crops produced, the defendant refused to allow him to take, and kept and detained the same from him. This being proved, as we must presume it was, entitled the plaintiff to damages for a breach of the covenant.

The judgment must be affirmed.