HENRY D. LESLIE, RECEIVER, v. JEREMIAH CASEY.

Where concurrent acts are to be done, the party who sues the other for non-performance must aver that he had performed or was ready to perform his part of the contract.

On demurrer to declaration.

Argued at February Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the demurrant, *Collins & Corbin.*

*Contra, Flavel McGee.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    The declaration in this case has more the semblance of a bill in chancery than of a pleading in a court of law, and it is plain that a motion to strike out its redundances and irrelevancies could not have been successfully resisted.    But on this demurrer the only question is whether in this complex mass of facts a cause of action can be discovered.

In its general nature the suit is for breach of contract by the defendant in refusing to take and pay for certain personal property bid in by him at a public sale made by the plaintiff as receiver.

The imputed insufficiencies of the count will sufficiently appear from the exceptions to it that are stated in the brief of counsel.

The first alleged defect is that it is not shown that the agreement to purchase the goods in question was in writing, and therefore it is void by force of the statute of frauds.

There are two answers to this objection, each of which is unquestionable.    First, the statute of frauds is a defence and must be pleaded to make it available in any case.    It is not

necessary for the plaintiff to show that the contract sued on has been executed in the manner prescribed by the act. This is and always has been the rule, as will appear by a reference to Chitty or any of the other text-books. And in the second place, the declaration shows that ten per cent. of the purchase-money was paid at the time of the sale, so that the transaction was excepted from the statutory requirement.

This objection is destitute of all force.

Another objection of the counsel of the defendant is that certain other persons were purchasers with the defendant, and that they should have been joined as parties in the action.

This position relates to the statement in the count to the effect that when the defendant made his final bid at the auction in question "he alleged himself to be bidding for himself" and several other persons whom he named.

If the allegations of the pleading had stopped at this point the position of the defence would have been, even then, palpably untenable, as a case of non-joinder would have been exhibited, and such an imperfection could not have been objected to on demurrer, but only by plea in abatement in conformity with the method appointed in the Practice act.

But this question is not presented in this simple form. There are other allegations in the declaration that control the inquiry. After the statement that the defendant alleged at the time of the sale that he made his bid for himself and certain other persons named by him, there is an averment that with respect to the persons so named the defendant had no right to bind them. The legal situation thus exhibited is this : The defendant purchased the goods in question for himself and for certain other persons for whom he was not authorized to act. The result of such a transaction was that no one was bound by the contract but the defendant, and under such conditions it seems to be the better view that he can be sued for a breach of the agreement, inasmuch as by the form of the transaction he has charged himself. *Woodes* v. *Dennett,* 9 *N. H.* 55 ; *Savage* v. *Rix, Id.* 263, 268.

With respect to the third and last exception to the count,

that it does not show that the conditions of sale which are set out *in extenso* were in any manner promulgated or made known to the defendant, it is sufficient to remark that in respect to the present cause of action, so far as appears, these conditions of sale are of no account. If there were no express conditions the defendant, as purchaser, was bound to pay the stipulated price, and upon failure to do so the chattels could be resold by the vendor, and these are the facts constituting the gravamen of the action as it is shown upon the record.

In the opinion of the court none of these objections can prevail.

Nevertheless, two imperfections have been perceived in the statements of the plaintiff's grounds of suit which appear to have escaped notice and which must be pronounced to be fatal to the plaintiff's case.

One of these defects is that while the plaintiff presents himself in court demanding of the defendant the residue of the price of the goods sold, he altogether fails to show that on his part he has done, or has been ready to do, the act that alone entitles him to make such demand. The declaration touching this subject thus states the reciprocal duty of the vendee and vendor. It avers : "The ninety per cent. above referred to, to be paid at the office of * * * · No. 1 Exchange Place, Jersey City, New Jersey, on the 19th day of December next, at twelve o'clock noon, *when the goods will be delivered,*" &c. From this it is manifest that the payment of the money by the defendant and the delivery of the goods by the plaintiff were to be simultaneous acts, and when such is the situation the familiar rule, as stated by Lord Kenyon in *Morton* v. *Lamb,* 7 *T. R.* 125, is "the party who sues the other for non-performance must aver that he had performed, or was ready to perform, his part of the contract." In the present pleading there is no allegation even tending to indicate that the plaintiff attended at the time and place appointed, or that he was ready or willing to have delivered the things sold if their price had been tendered to him. Consequently no right of action is here shown.

The other defect alluded to is that from the statements of this declaration it appears that the plaintiff made a resale of the goods sold before the day fixed for their payment by the defendant had arrived. The time set for the payment of the ninety per cent. is the 19th of December, 1891; the property was resold on the 30th day of November, 1891. This imperfection is of course fatal to the suit.

It may be well to remark that in the opinion of the court the orders of the Chancellor regulating the course to be taken by his receiver, and which proceedings are so uselessly interpolated into the case, cannot in any degree affect or impair the legal rights of the defendant.

On the two grounds just indicated the defendant is entitled to judgment on his demurrer.