WILLIAM B. RIDGELY v. JOHN B. WALKER ET AL.

Submitted December 7, 1911—Decided March 19, 1912.

A declaration which alleges a valid contract *inter partes,* and the inability of the plaintiff to perform it in some particular because of the failure of the defendant to perform his part of the contract, and a tender of performance upon plaintiff's part, alleges a valid cause of action.

---

On demurrer to declaration.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the plaintiff, *Sommer, Colby & Whiting* and *Miles M. Dawson.*

For the defendant, *McCarter & English.*

The opinion of the court was delivered by

MINTURN, J. The declaration in this case contains three distinct counts, in addition to the common counts, and to this a demurrer has been interposed by the defendant which raises the question of the legal sufficiency of the declaration.

The gravamen of the suit, as alleged, is the making of a contract between the plaintiff and defendants, a copy of which is annexed to the declaration, from which it appears that the defendants promised and undertook to sell thirteen hundred and eighty-one shares of the capital stock of the Life Insurance Company of Virginia, and thereafter five hundred shares in addition of the same stock, for the net sum of $800 per share, to a *bona fide* purchaser, to be designated by the plaintiff, the terms and conditions of sale to be agreed upon between the purchaser and defendants; that the plaintiff in pursuance thereof designated one Ridgely as the purchaser, and the defendants accepted him as such; that Ridgely entered into contracts of sale and purchase with defendants as contemplated in the original agreement, and stood ready, able and willing to perform his part of the agreement of purchase and sale.

The breaches alleged are—*first,* that the defendants refused to name a financial institution in the city of New York for the delivery of the stock and the deposit of the purchase price; *second,* that the defendants refused to name or to endeavor to agree upon certified accountants by whom an examination of the life insurance company should be made, and *third,* that the defendants refused to sell and deliver the stock in question to Ridgely.

The case was before this court upon demurrer to the declaration first filed by the plaintiffs, and, in an opinion by the Chief Justice, the court sustained the demurrer. The plaintiff now presents an amended declaration, drawn as we conceive to overcome the deficiencies which made the former declaration legally objectionable. Our perusal of the declaration leads us to conclude that he has succeeded in so doing. He has alleged the execution of a valid contract between the parties; performance by the plaintiff and the constituted agent of the parties of all the necessary conditions to be per-

formed upon their part, and the refusal of the defendants to carry out their part of the contract or to attempt to perform it.

This *status,* under the well-recognized rules of pleading, presents a legal cause of action, and calls for a plea upon the merits by the defendants. Practice act, section 126. *Sibbald* v. *Bethlehem Iron Co.,* 83 *N. Y.* 378.

Tidd succinctly states the legal principle applicable to this case: "Wherever a man by doing a previous act would acquire a right to any debt or duty, by a tender to do the previous act, if the other party refuse to permit him to do it, he acquires the right as completely as if it had been actually done; and if the tender be defective owing to the conduct of the other party, such incomplete tender will be sufficient, because it is a general principle that he who prevents a thing from being done shall not avail himself of the non-performance which he has occasioned." 2 *Tidd* 429.

The declaration before us presents that legal *status,* and the plaintiff therefore is entitled to judgment on the demurrer.