CHARLES D. COOKE, PLAINTIFF-RESPONDENT, v. MALCOLM R. McADOO, DEFENDANT-APPELLANT.

Submitted December 8, 1913—Decided March 16. 1914.

1. An agreement that, if defendant would execute a single note, with interest payable semi-annually, covering his several notes to plaintiff, plaintiff would carry the note for defendant so long as the interest was paid, and so long as he held a one-third interest in a proposed option on certain property, not having been complied with by defendant by executing the new note, was merely executory, and did not constitute an accord and satisfaction of the existing indebtedness.

2. A defence of accord and satisfaction will not avail in an action at law where it has been only partly executed.

3. Novation means that, there being a contract in existence, some new contract is substituted therefor either between the same or different parties, the consideration mutually being the discharge of the old contract. Every novation embraces, necessarily, an accord and satisfaction, the principal distinguishing feature between them being that a novation implies the extinguishment of an existing debt by the parties thereto and its transition into a new existence between the same or different parties, whereas, an accord and satisfaction relates solely to the extinguishment of the debt or obligation.

4. Plaintiff offered, in case defendant would substitute a single note, with interest payable semi-annually, for his several existing notes to plaintiff, plaintiff would carry the note so long as interest was paid and defendant continued to own an interest in certain property. Defendant on several occasions told plaintiff he was ready to deliver him a single note for the others, but never made a tender thereof, and the agreement was never executed. *Held*, that, in the absence of such tender, the agreement did not constitute a novation so as to bar plaintiff's right to sue on the old debt.

On appeal from the Supreme Court, Passaic Circuit Court.

For the appellant, *Michael Dunn.*

For the respondent, *Wayne Dumont.*

The opinion of the court was delivered by

KALISCH, J. There was a direction of a verdict for the plaintiff for the sum of $16,014.96. Neither the indebtedness nor the amount thereof was disputed by the defendant.

The sole defence relied on in the court below and insisted upon here as a bar to the plaintiff's right of recovery, was and is that the proof in the case showed that there had been a novation of the debt sued upon. This the appellant claims is made to appear by correspondence had by him with the plaintiff. The plaintiff wrote to the appellant: "If you will substitute a single note with interest payable semi-annually for the several notes of yours, which I now hold, I agree for myself and my personal representatives to carry

this note for you so long as interest thereon shall be paid as and when due, and so long as you shall continue to hold and own approximately a one-third interest in the proposed option on the New York and New Jersey Rapid Transit Company Syndicate property, and the extension or extensions thereof as at present proposed in case such extensions be arranged." * * * This letter is dated January 17th, 1911. Five days later the plaintiff wrote appellant as follows: "It was always my intention to hold your notes until you had worked out of your financial troubles. This is shown by my conduct in the past and my intention has in no way altered. I suggest that you substitute a single note for the several notes which you now have. I agree for myself and personal representatives to carry this note for you during the life of the proposed option on the New York and New Jersey Rapid Transit Company Syndicate property and the extension thereof as at present proposed in case such an extension be arranged, unless the option be sooner exercised, in which event the first proceeds of your share in the option are to be applied to the payment of the note."

To the proposed arrangements the appellant acceded. It is important in this connection to note that the agreement is, in effect, neither a novation nor an accord and satisfaction. It is wholly executory in character. It clearly contemplates something to be done by the defendant for the extinguishment of the old debt, and that was to give the plaintiff a single note in substitution of the old note, and this the plaintiff never did. It was not an accord and satisfaction, for though there was proof of an accord, there was no proof of a satisfaction. A defence of accord and satisfaction will be of no avail in an action at law, where it appears to have been only partly executed. *Oliver* v. *Phelps, Spenc.* 180; *Line et al.* v. *Nelson et al.,* 9 *Vroom* 358; *Stone* v. *Todd,* 20 *Id.* 274. To satisfy the requirement of the law, the accord must be executed. A mere executory agreement is not sufficient. *Bandman* v. *Finn,* 185 *N. Y.* 508; 12 *L. A. R. (N. S.)* 1134, and note.

What has been said regarding the defence of accord and satisfaction is equally applicable to that of novation, which is a species of accord and satisfaction. The principal distinguishing feature between them is that a novation implies the extinguishment of an existing debt or obligation, by the parties thereto, and its transition into a new existence between the same or different parties; whereas an accord and satisfaction relates solely to the extinguishment of the debt or obligation.

Every novation embraces, necessarily, an accord and satisfaction, but the converse of this proposition is not true.

Lord Chancellor Selborne, in *Scarf* v. *Jardine, L. R., 7 App. Cas.* 351, says: " 'Novation,' a term borrowed from the Civil law, means this, that there being a contract in existence some new contract is substituted for it, either between the same or different parties, the consideration mutually being the discharge of the old contract." * * * *Morecraft* v. *Allen,* 49 *Vroom* 729.

Now in the case *sub judice* the appellant claims, because he had on several occasions told the plaintiff that he was prepared to deliver to him a single note for the various separate notes, and received the replies that the notes were in a safety-deposit box in the city of Paterson, and that he, the plaintiff, would get them for him, that this was tantamount to an execution of the terms of the agreement and equivalent to an accord and satisfaction or a novation. But for the reasons already stated this is not so. The appellant, in fact, never made a tender of any note to the plaintiff. It was the duty of the appellant, if he desired the extension of time, to seek the plaintiff and offer the single note in substitution, and this he never did. The appellant never substituted a single note, and though it appears he offered to do it whenever the plaintiff produced the old notes, this constituted no bar to the action. For the legal rule is well settled that if an agreement intended as a novation is conditional, the novation can only take effect by the performance of the condition before the debt is extinct. 29 *Cyc.* 1134. In the present case, in order for the defendant below to have succeeded in his defence, it was incumbent upon him to establish that a new

note was substituted for the old indebtedness and that it was accepted by the plaintiff in extinguishment of the old debt. Having failed to do this, the defence was properly overruled and the verdict properly directed.

Judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, HEPPENHEIMER, JJ. 13.

*For reversal*—None.