WILLIAM B. RIDGELEY, APPELLANT, v. JOHN B. WALKER
ET AL., RESPONDENTS.

EDWARD S. MUNFORD, APPELLANT, v. JOHN B. WALKER
ET AL., RESPONDENTS.

Argued July 1, 1914—Decided November 16, 1914.

By force of section 27 of the new Practice act (*Pamph. L.* 1912, *p.* 377), a judgment will not be reversed for error as to matter of pleading or procedure unless on the whole case it shall appear that the error injuriously affected the substantial rights of the appellant; hence if such rights are not so affected the alleged errors need not be examined.

On appeal from the Supreme Court.

These two cases, which were heard together upon the various motions made in the Supreme Court, may be conveniently disposed of in a single memorandum.

Ridgeley, claiming to be a purchaser found by Munford as agent for the defendants, sued for a breach of a contract to sell him certain shares of stock, and Munford, as such agent, sued for his loss by reason of the same breach.

The substance of the original declaration filed in the Ridgeley case is set forth in the opinion of the Supreme Court upon demurrer (*Ridgeley* v. *Walker,* 81 *N. J. L.* 176), and the substance of the amended declaration is stated under the same title in 82 *Id.* 341. The underlying questions that affect both suits are raised in the Ridgeley case. In each case the defendants filed a plea of general issue to the common counts, and met the special counts by special pleas setting up the statute of frauds of the District of Columbia, where the alleged oral contract of sale was made. A replication filed to these special pleas setting up that the oral contract was in completion of a previous written contract was struck out as being no answer to the statute of frauds, and afterwards a mo-

tion to strike out the special pleas was heard and denied. A replication presented under special leave to plead over was not permitted to be filed because it raised no valid issue.

In this state of the record upon motion for judgment for the defendants such judgment was ordered, from which judgment the plaintiffs appealed, as well as from the orders denying their motion to strike out the special pleas, and from the orders striking out the replication filed by them.

For the appellants, *Ernest L. Quackenbush* and *Miles M. Dawson* (of the New York bar).

For the respondents, *Robert H. McCarter, Coke & Pickerell* and *John S. Eggleston* (of the Virginia bar) on the brief.

The opinion of the court was delivered by

GARRISON, J. We do not find it necessary to express any opinion upon the technical points of pleading and procedure argued by the appellants or even to decide whether all of the matters so argued are proper subjects of appeal. By the twenty-seventh section of the Practice act of 1912 (*Pamph. L., p.* 377), under which this appeal is taken, we are forbidden to reverse a judgment for error as to matter of pleading or procedure unless after examination of the whole case it shall appear that the error injuriously affected the substantial rights of the appellant. Obviously, if such substantial rights are not injuriously affected by alleged errors, such errors need not be critically examined In the present case, the alleged errors did not affect any substantial right of the appellants.

The plea of the statute of frauds was in bar of the action, and on this record the averments of such plea stand confessed and justify the entry of judgment final as to the issue tendered by the special counts of the amended declaration. There was no error in the refusal to strike out these pleas or in the striking out of the replication thereto.

Upon this appeal, on which the appellants must show substantial merits, we regard the common counts in the declaration, plus the bill of particulars annexed thereto (which was

a copy of the same contract as that set forth in the special counts), as presenting the same issue as that tendered by such special counts, and they were so treated in the court below. Disregarding, as we are enjoined by the legislature to do, all technical matters of pleading and procedure, the substantial question as to the common counts was whether the appellants' case thereunder was the same as that set forth in their special counts. By their bill of particulars they declared such to be the fact, and by such bill of particulars they are bound by force of the one hundred and second section of the Practice act.

This being so, the entry of the judgment brought up by this appeal was not the result of any error that affected any substantial rights of the appellants, and hence should not be reversed.

The judgment brought up by the appeal of each of the appellants is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, WILLIAMS, JJ. 12.

*For reversal*—None.