BOARD OF EDUCATION OF THE CITY OF WILDWOOD, APPELLANT, v. RICHMOND CONSTRUCTION COMPANY AND MASSACHUSETTS BONDING COMPANY, RESPONDENTS.

Submitted July 8, 1918—Decided November 18, 1918.

1. In a suit on an indemnity bond containing a clause limiting the time within which suit might be brought, where the complaint (in accordance with section 107 of the Practice act) set up generally the performance of all conditions precedent, and the answer (filed within the said suit-time-limit) failed to specify, as required by section 118 of that act, a condition precedent the performance of which it was intended to contest, the trial court was right, at the trial after said suit-time-limit had expired, in refusing defendant's application for permission to amend its answer to so specify.

2. Whether a provision in a contract is a condition precedent or a condition subsequent depends upon the intention of the parties disclosed by all the provisions of the contract as applied to its subject-matter. If precedent, its performance is essential to the creation of the right and must precede a suit for its enforcement; if subsequent, it is important only as affecting the maintenance of the right and may be proved at the trial although happening after suit brought.

3. Whether the provision contained in clause V of the "uniform" building contract for an audit by the architect of the "expense incurred" in finishing after abandonment by the builder, was or was not a condition precedent in the case *sub judice* not decided; it being held that even if it was, a completion contract having been entered into and the suit being for the expense so incurred and the answer not specifying any condition precedent the performance of which was to be contested, the general allegation of the complaint that all conditions precedent had been performed was conclusive, and the completion contract should have been admitted in evidence to establish the "expense incurred" in finishing.

On appeal from the Supreme Court.

For the appellant, *Lewis Starr.*

For the respondents, *Franklin W. Fort.*

The opinion of the court was delivered by

WHITE, J.   The suit is upon a bond of the principal, a builder, and his surety, a bonding company, to indemnify the plaintiff, an owner, for loss resulting from failure of the principal to perform a building contract, drawn in the usual "uniform" form, containing a provision that in case of a justifying default (so certified by the architect), the owner might finish the building, retaining and applying the unpaid portion of the contract price, and holding the contractor for such amount as the "expense incurred" in finishing shall exceed the amount so retained; and further providing as to this that "the expense incurred by the owner  *  *  *  shall be audited and certified by the architect, whose certificate thereof shall be conclusive upon the parties." The bond provided that no claim or suit for default should be brought after the expiration of six months next succeeding the date specified for the completion of the contract, nor should there be any recovery for damages accruing after that period. Default of the nature above mentioned occurred and was duly certified by the architect, about three months after the date fixed by the contract for the completion of the building, and then after some delay the surety declined to complete the building and suggested that the owner do so. The owner then advertised for and received bids, and after notice of the lowest one to the surety, and without protest from it, let a contract for completion to a new contractor at some $12,000 more than the portion of the former contract price remaining on its hands, and thereupon brought suit for this difference, assigning in its complaint the breach complained of, and alleging the performance by it of all conditions precedent, in accordance with sections 107 and 118, respectively, of the Practice act. Defendant's answer did not specify any condition precedent the performance of which they intended to contest (as by section 118 of the Practice act (*Comp. Stat., p.* 4089) they were required to do if they so intended), but alleged generally that plaintiff had not incurred any expense. When the case came to trial the six months' period of limitation had expired, and the learned trial judge refused to permit an amendment of

the answer to set up the fact that when the suit was brought the architect had not audited and certified the amount of the expense incurred. In this we think he was right. If the answer had raised this point originally, the audit and certificate might have been procured and a new suit instituted before the six months had expired.

At the trial plaintiff, over objection and exception, put the completion contract in evidence to prove its "expense incurred," but, subsequently, the learned trial judge struck it out and entered a nonsuit upon the theory that a certificate of audit of the architect made prior to the commencement of the suit, was the sole evidence which, under the terms of the bond, could be admitted to prove the "expense incurred." The striking out of this contract was excepted to and is challenged in this appeal.

We think it was error. The provision for the architect's audit was either a condition precedent or else it was a condition subsequent. If the former, it was essential to the creation of the right to recover. If the latter, it was simply the means of maintaining that right. 3 *Cyc.* 558, *note* 20; 12 *C. J.* 411. If the former, suit could not be commenced until it had taken place. If the latter, it could be offered in evidence at the trial as a binding guide to the jury, although only completed on the day of trial and long after the suit was instituted. Whether a condition in a contract is precedent or subsequent depends upon the intention of the parties disclosed by all the provisions of the contract as applied to its subject-matter. The provision in this contract limiting the right of action to six months after the term fixed for completion, where the subject-matter was a building requiring six months to complete, is rather persuasive that the architect's audit was not intended as a condition precedent to suit within the term limited, for, obviously, it was more than likely that if so construed it would in the ordinary course of events (as in this case) defeat any recovery whatsoever under the bond.

Under the pleadings in this case, however, we do not find it necessary to decide whether this provision was or was not a condition precedent. If it was not, the contract was clearly

admissible, for it was necessary to give vitality to its audit made by the architect subsequently to the bringing of the suit but before the trial. If it was a condition precedent its existence is established by the pleadings, which on the part of the plaintiff allege generally the performance of all conditions precedent, and on the part of the defendants do not specify, as required by the Practice act, any condition precedent, the performance of which it was proposed to contest. With this, apparently, the learned trial judge agreed, but he was, we think, misled by what was said by the United States Circuit Court of Appeals in *American Bonding Co.* v. *Gibson,* 145 *Fed. Rep.* 871, into the view that an architect's certificate of his audit issued before suit brought was the sole evidence of the "expense incurred," which could be submitted to the jury. In other words, it appearing in the case (by the admission resulting from the undenied allegation of the complaint) that the architect had audited the completion contract and certified that it represented the true expense incurred, that such contract so audited could not be put in evidence to show how much that expense was. We disagree with this view. The language of this clause V of the uniform building contract is peculiar. The architect is not constituted an arbitrator to decide what expense the owner *should have* incurred, but is simply required to audit the expense he *did* incur. The expense is the real thing. The audit merely establishes that it was incurred in finishing the contract. If so incurred, in the absence of fraud, the architect can only audit it and is powerless to change it.

What the *American Bonding Co. Case, supra,* actually decided was that under the circumstances there involved, it appearing by plaintiff's amended declaration that the account sued upon under clause V had not been audited by the architect before suit brought, the suit was premature and should be dismissed without prejudice. There may have been circumstances and provisions in the contract involved in that case which led the court to construe the condition as precedent, but, in any event, the pleadings showed that the audit

had not taken place, whereas, in this case, if the condition was precedent, the pleadings established just the contrary.

It is further urged that the completion contract was properly stricken out because it had not been fully performed when suit was commenced, and that therefore the expense had not been "incurred" within the meaning of the contract. We agree with what seemed to have been the view of the learned trial judge that this contention, under the circumstances of this case, is untenable. Certainly, the obligation to pay the expense was entered into, and why such an obligation to pay the expense is not "expense incurred," within the language of clause V, is difficult to understand. But if there is doubt about what the parties contemplated by this language, the other provision of the contract, limiting the right of action to six months after the time fixed by the original contract for completion, is illuminating. Presumably, the parties intended the bond of indemnity as something more than a mere excuse for the payment of the premium. If it had been so drawn as to provide that in case of such a default as occurred here the surety should only be liable for such expense of completion as should be incurred within ten days after such default, it would be quite obvious that the parties contemplated a completion contract entered into within the time limit, as the means by which the expense should be incurred. The circumstances here involved and appearing on the face of the bond tend to indicate a similar situation and intention.

We think, therefore, that under the pleadings and the peculiar circumstances of this case, the completion contract was admissible in evidence to establish the "expense incurred" by the owner in completing the building.

The judgment is reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Heppenheimer, Williams, Taylor, Gardner, JJ. 14.