COBB & GREGORY v. PARKER, County Judge, et al. (No. 501.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 13, 1919. Rehearing Denied Nov. 19, 1919.)

ELECTION OF REMEDIES ⬤⇒3(1) — CLAIMS AGAINST COUNTY UNDER INDIVISIBLE CONTRACT.

Where a contract for roadwork between county and plaintiffs was an indivisible contract, although providing for estimates as the work progressed and for the issuance of time warrants upon such estimates, plaintiffs, by presenting a claim for the final and full amount due under the contract and obtaining action thereon by certain commissioners, acting as the county court or attempting to so act, allowing a certain amount as balance due settlement in full, and subsequently instituting and prosecuting to judgment a claim for this particular amount, as the balance due under the contract, whether they had success in recovering such amount or not, made an election to claim such sum as the balance due, and they cannot again sue to compel the county court to issue warrants applied for upon certain estimates made as the work progressed.

Appeal from District Court, Hardin County; C. A. Lord, Special Judge.

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Mandamus by Cobb & Gregory to require W. S. Parker, County Judge, and others, to issue time warrants. Judgment for defendants, and the plaintiffs appeal. Affirmed.

W. D. Gordon, Jas. A. Harrison, and R. L. Durham, all of Beaumont, and Geo. C. Clough, of Houston, for appellants.

S. D. Tant, of Sour Lake, for appellees.

BROOKE, J. This is an action by appellants to require by mandamus appellees to properly issue and levy to appellants time warrant in the sum of $9,669.23, with 5½ per cent. interest from June 9, 1916. On December 13, 1915, Hardin county, acting through appellees, entered into a contract with appellants by the terms of which appellants were to build certain gravel roads and certain bridges and culverts named in said contract, for which they were to receive $79,500, to be given in time warrants of Hardin county in denominations of $500 each, with due dates extending from the 1st day of January, 1917, to January 1, 1941, which warrants were to be issued from time to time as the work progressed, and there was a provision contained in said contract that estimates of work done should be audited and approved by the commissioners' court, and such audit and approval should be sufficient in all things to make them binding and legal evidence of the county, and that thereupon the clerk was authorized and instructed to deliver to appellants county road and bridge warrants to cover such audited claim. Acting under this contract, appellants began work in the construction of the roads and bridges covered by the contract, and at the March term of the commissioners' court presented their claim for services rendered under the contract amounting to $18,970.91, which claim was duly audited by the court and allowed and time warrants ordered issued to the amount of $1,800, leaving a balance of $970.91 not provided for. At the June term of the court, appellants presented their account for $16,198.32, which was audited and allowed and warrants issued for the sum of $7,500, leaving a balance of $8,698.32, and it is to require the issuance of time warrants for these two amounts that this action is brought; warrants having been issued for the $7,500 and the $18,000, respectively, as contained in said orders. The contract provides that the county may retain as much as 15 per cent. of the estimates until the final completion of the work, and it will be noted, in the order of the court allowing the two estimates under consideration, that the sums of $18,000 and $7,500, respectively, were named as being the amounts for which time warrants should issue, and no order of that court was made at any time authorizing or instructing the issuance of time warrants for the remaining sums shown to be due on the estimates, nor was there anything said in any order about retaining said sums until the final completion of the work, and, in truth, the orders themselves are somewhat doubtful as to whether they intend to make a full allowance of the claim, or only such allowance as time warrants were ordered issued for.

Upon completion of the work under the contract, appellants presented a claim to the commissioners' court of Hardin county for work done under the contract, and, being unable to obtain action on their claim by the commissioners' court on account of the county judge and one of the commissioners absenting themselves, three commissioners, acting on August 7, 1916, had an order entered upon the minutes of the court, reading as follows:

						"August 7, 1916.

"During a special session held of commissioners' court of Hardin county, Texas, there being present J. N. Newman, C. A. Anderson and J. S. Jackson, a motion was made by J. N. Newman and seconded by C. A. Anderson, and carried, that Cobb & Gregory be allowed the sum of $6,811.02 as balance due, settlement in full for road and construction work on the Beaumont, Silsbee and Kountze roads, and the county clerk of Hardin county is hereby ordered to issue time warrants to said Cobb & Gregory as provided in said original contract covering same."

Never having received the time warrants under the above order, appellants here filed and prosecuted to final judgment, in the district court of Hardin county, a suit to compel the issuance to them of time warrants mentioned in said order for the sum named therein, alleging the making of said order, that the indebtedness was owing, and that it arose under and by virtue of the contract for roadwork between said county and appellants, dated December 13, 1916.

The contract under which appellants performed all of the work, although providing for estimates as the work progressed, and for the issuance of time warrants upon such estimates, is an indivisible contract, and as such, in our opinion, will support one cause of action only, and whether the other items mentioned in appellants' trial petition were allowed in full as claims against the county by the court or not and whether the same, if allowed were retained until the final completion of the contract, or not, it is sufficient, in our judgment, to say that where appellants presented a claim for the final and full amount due under the contract and obtained action thereon by the court, or by said commissioners acting as the court, or attempting to so act, allowing a certain amount as balance due, settlement in full and subsequently instituting and prosecuting to judgment a claim for this particular amount as the balance due under the contract, whether they had success in recovering that amount

or not, it is an election on their part to claim said sum as a balance due under the contract in full, and they cannot again carve from the contract a cause of action different upon some other claim or upon some other statement of facts; and for that reason, in our judgment, the writ of mandamus prayed for in this action was properly denied, and the judgment of the trial court is affirmed.