hibits in the present case. But the oral testimony, as well as all the documentary evidence, we think, shows clearly that there was no material change in the method and manner in which the plaintiff and the Walsh Company conducted their business with each other after the expiration of the first contract. And, when the station buying began, Walsh testified that there was no material change in the rate of compensation, method of reimbursement for the money expended, the method of handling freight charges, etc.; that the additional contract dated June 27, 1913, purporting to outline a new method of doing business, was executed and put in writing partly for the purpose of showing the railroad company that the ties were intrastate, and not interstate, shipments. It follows, therefore, that the judgment of the trial court should be reversed and remanded, with directions to enter judgment for the plaintiff for the full amount of overcharges, being $2,691.67, and render judgment against interpleader P. R. Walsh Tie & Timber Company and intervenors F. P. Weatherford, J. W. Johnson, J. W. Hughes, Himmelberger-Harrison Lumber Company, and W. F. Tiller on their respective intervening petitions. The Commissioner so recommends.

PER CURIAM. The foregoing opinion of NIPPER, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed and remanded, with directions to enter judgment for the plaintiff in accordance with the recommendation of the Commissioner.

ALLEN, P. J., and BECKER and DAUES, JJ., concur.

---

**COBB & GREGORY v. PARKER, County Judge, et al.  (No. 288-3542.)**

(Commission of Appeals of Texas, Section A. Feb. 1, 1922.)

**Election of remedies ⚌3(1)—Mandamus to compel county to pay amount due under revoked accord without satisfaction did not bar proceeding to compel payment of amount originally claimed.**

Where there was a dispute between the commissioners' court and contractors as to amount due contractors, and where commissioners' court ordered certain sum paid in full settlement of the claim as balance due them and directed clerk of court to issue warrants for such amount, contractors' unsuccessful proceeding in mandamus to compel payment of such amount on county's refusal to issue warrants and revocation of the agreement did not preclude them from subsequently compelling county, by mandamus, to pay the amount originally claimed due, since in such case there was merely an unexecuted accord without satisfaction, unenforceable because revoked.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Mandamus by Cobb & Gregory against W. S. Parker, County Judge, and others. Judgment for defendants affirmed by Court of Civil Appeals (216 S. W. 214), and plaintiffs bring error. Remanded, with instructions to issue peremptory writ.

R. L. Durham and W. D. Gordon, both of Beaumont, and Geo. T. Clough, of Houston, for plaintiffs in error.

T. E. Welch, of Port Neches, and S. D. Tant, of Sour Lake, for defendants in error.

SPENCER, P. J. Plaintiffs in error, J. A. Gregory and O. E. Cobb, as partners, on or about December 13, A. D. 1915, entered into a contract with Hardin county, acting by and through its duly authorized officials, to build a road in Hardin county, all material, tools, and labor to be furnished by plaintiffs in error.

The agreed consideration of $79,500 was to be paid in county's time warrants numbered from 1 to 159, inclusive, for the sum of $500 each. Payments based upon the estimate of the engineers as to the work done were to be made monthly, and for every $500 worth of work done a warrant for that amount was to be issued and delivered to plaintiffs in error, with the reservation that 15 per cent. of the amount should be retained as a guarantee against poor workmanship and material, but which should be paid plaintiffs in error when the work was finally accepted.

For work done prior to the March term A. D. 1916, the plaintiffs in error presented to the commissioners' court at the March term an approved estimate of $18,970.91, and the court issued and delivered time warrants amounting to $18,000, leaving unpaid $970.91.

At the June term of the court plaintiffs in error presented to the court an approved estimate by the engineers of $16,198.32, and the court entered an order allowing it in full, but issued and delivered warrants for $7,500 only, leaving $8,698.32 unpaid.

It appears from the allegations of the petition in the first suit that plaintiffs in error had been before the commissioners' court on several occasions in an attempt to settle with the county and have their claim allowed. The then county judge and J. L. Flowers, one of the commissioners, were averse to making any settlement, or to allowing any claim and absented themselves from the sessions of the court to prevent any action favorable to plaintiffs in error.

On the 7th day of August, 1916, however,

the three commissioners, without the county judge being present and participating, acting as and for the commissioners' court, entered an order allowing plaintiffs in error the sum of $6,811.02 in full settlement of their claim and as the balance due them under the contract and directing the clerk of the court to ·issue time warrants to cover.

The clerk of the county court having refused to issue the warrants as directed in the order, plaintiffs in error on August 31, 1916, instituted mandamus proceedings to compel the clerk to issue and deliver the warrants and to compel the county judge to sign them as the contract contemplated. The county successfully resisted the issuance of the mandamus, upon the ground that the order of the three members of the commissioners' court attempting to act as the court was invalid because there was no quorum of the court, the county judge not being present and participating.

From this adverse ruling plaintiffs in error appealed to the Court of Civil Appeals, and that court affirmed the trial court's judgment, holding the order invalid and denying the issuance of the mandamus. 203 S. W. 438. Plaintiffs in error applied for a writ of error, but the application for the writ was refused by the Supreme Court on February 26, 1919. 208 S. W. xvi.

At the October, A. D. 1916, term of court the commissioners' court rescinded the order allowing plaintiffs in error the sum of $6,811.02, and instead thereof entered an order allowing them the sum of $224 in full settlement of the amount due, but this amount was not accepted by them in satisfaction of their claim.

The present action by plaintiffs in error against Hardin county, the commissioners' court of Hardin county, the county judge, and the four commissioners of Hardin county, is for a mandamus to compel the commissioners' court to issue and deliver or cause to be issued and delivered to them warrants for the two items, one for $8,698.32, and the other for $970.91.

Defendants in error, among other defenses, pleaded that, as plaintiffs in error had elected to accept under the order of August 7, 1916, allowing them $6,811.02, by seeking a mandamus to compel the issuance of warrants mentioned therein, they are bound by such election.

The trial court, among other things, found that at the time plaintiffs in error instituted the first suit the sums of $970.91 and the sum of $8,698.32 were then due by Hardin county to plaintiffs in error; that the claim of $6,811.02 was presented to the commissioners' court, and that the county judge and one of the commissioners absented themselves from the courtroom and refused to remain until the claim could be acted upon; that thereafter the three commissioners adopted the order allowing the claim of $6,811.02; that this amount was allowed as the balance due plaintiffs in error under the contract; and that the amount was carved out of their original claim and constituted a part of their claim, as set forth in the petition in the present suit.

The conclusions of law upon the facts found were that the action of the commissioners' court in auditing and allowing the claim of $18,970.91 and $16,198.32 constituted a valid and binding judgment against the county for the amount allowed; that the contract under which the claims arose is an indivisible one; that plaintiffs in error elected to stand upon the order allowing the claim of $6,811.02; that the present suit and the former one constitute one and the same cause of action; and that, plaintiffs in error having elected to prosecute the former suit in which an adverse judgment was rendered, the judgment in that suit is res adjudicata of the issue in this suit. The judgment was affirmed upon appeal. 216 S. W. 214.

The claim of plaintiffs in error against the county being in dispute, the order of the commissioners' court operated as an accord. Had the accord been fully executed, by the issuance and delivery of the warrants as contemplated by the order, followed by an. acceptance thereof by plaintiffs in error, there would have been a consequent satisfaction and an extinction of the original demand, and plaintiffs in error would have been bound thereby. But such was not the case; the accord was only executory. It remained executory ·so long as anything remained to be done in the future. There was no extinguishment of the old obligation until the issuance and delivery of the warrants. The county not only did not undertake to complete the agreement in conformity to the order, but subsequently revoked it. There was therefore proof of accord, but no proof of satisfaction. Cooke v. McAdoo, 85 N. J. Law, 692, 90 Atl. 302.

The fact that it was an unexecuted accord, which the commissioners' court revoked by setting aside the order, was doubtless the reason the Supreme Court refused the writ of error in the first proceedings. We make this observation because, since the refusal of the writ of error in that case, the Supreme Court has distinctly determined that the commissioners' court may, in the absence of the county judge, lawfully transact business, with only three commissioners present. Dalton v. Allen, 110 Tex. 68, 215 S. W. 439.

The effect of an unexecuted accord is thus stated in 1 C. J. p. 533, par. 23:

"Until satisfaction, an accord is revocable at the pleasure of either party. An unexecuted accord is not enforceable by action; and, inasmuch as there is no satisfaction of the original obligation, it remains in force, and the creditor has his remedy by action to enforce it."

The authorities are universally agreed that to constitute a bar to an action on the original claim or demand, the accord must be fully executed, unless the plaintiff has agreed to accept the enforceable promise of defendant in satisfaction, instead of the performance of such promise in satisfaction. Cooke v. McAdoo, supra; 1 C. J. 530, par. 17.

The cause of action in the former suit was therefore essentially different from the one presented in this cause. The former was a suit upon what plaintiff in error considered the substituted obligation, but which was, in fact, unenforceable because revoked; while this is an action upon the original unsatisfied demand or claim.

Are plaintiffs in error to be denied relief in this action because they sought to have a writ of mandamus issue in the former suit to compel the payment of the amount mentioned in the order of August 7, 1916?

The fact that they attempted to enforce this unexecuted accord and failed because it was held they were not entitled to recover under it will not defeat their right to a remedy to which they are entitled. They derived no satisfaction whatever, directly or indirectly, from their attempt to enforce the substituted agreement. The county has since the revocation of the order of August 7th consistently refused to pay them the sum specified in the order.

The question of election of remedies is not in the case. The fact that through mistake they attempted to exercise a remedy to which they were not entitled, or made a choice of a supposed remedy that never existed, and pursued it until the courts adjudged it never existed, does not preclude them from pursuing a remedy for relief to which in law and good conscience they are entitled, as no advantage was gained by them in their attempt to invoke the first remedy, and no injury resulted to those contesting that remedy. Water L. & G. Co. v. Hutchinson, 160 Fed. 41, 90 C. C. A. 547, 19 L. R. A. (N. S.) 219.

The trial court having found that plaintiffs in error's claims were properly audited and allowed, they are entitled to the peremptory writ prayed for to compel the issuance of warrants to cover. Harkness v. Hutcherson, 90 Tex. 383, 38 S. W. 1120; Brown v. Ruse, 69 Tex. 589, 7 S. W. 489.

We recommend, therefore, that a peremptory writ issue compelling and requiring the present county judge of Hardin county, Tex., and the present county commissioners of Hardin county, Tex., said county judge and said county commissioners constituting the commissioners' court of said county, in their official capacity as such court, to enter an order, or orders, upon the minutes of the commissioners' court of Hardin county directing and requiring the clerk of said court to issue road and bridge building warrants and also compelling the county clerk to issue and the county judge to sign the said warrants, which, when executed, shall be delivered to plaintiffs in error.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.