CHARLES J. INTROCASO, ASSIGNEE, PLAINTIFF-APPEL-LEE, v. WILLIAM R. ORROK, DEFENDANT-APPELLANT.

Submitted October 3, 1939—Decided January 11, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the plaintiff-appellee, *Frank V. Introcaso* (*Benjamin Gross,* of counsel).

For the defendant-appellant, *Levitan & Levitan* (*Abraham Levitan,* of counsel).

PER CURIAM.

On or about December 15th, 1937, one Walter F. Schlagen-haft contracted with Michael D'Arc to construct a building to be used as a gasoline station. The price for the complete job was to be $800 payable in installments of $40 per month, as evidenced by twenty promissory notes, each in the sum of $40. When the transaction was closed on December 15th, 1937, the twenty notes were signed by Walter F. Schlagenhaft

as maker, and were endorsed by his wife, Mary, and also by the appellant, William R. Orrok, who appears as the latest endorser on the notes. All the notes, except the first one, were postdated and were delivered to D'Arc by Schlagenhaft before any work whatever was done under the contract. On April 3d, 1938, within four months after the maker had postdated and signed the notes, he died. The present suit was brought by his assignee on October 21st, 1938, against both endorsers to recover on ten of the notes that were then due, each of which had been presented and protested. At the trial before the judge sitting without a jury, it was conceded by the plaintiff that the plumbing work had not been completed, and the court deducted $160 for the non-completion of this work.

The defendant Orrok, against whom judgment went and who alone appeals, moved for a nonsuit and for judgment in his favor upon the grounds, among others, that the agreement was an entire contract and that plaintiff was not entitled to payment until the job was completed, and that the delivery (of the notes) was conditioned, which condition was not fulfilled.

Both motions were denied and exceptions taken.

We believe that the agreement for the erection of the gasoline station was an entire contract and that plaintiff was not entitled to payment until the job was fully completed.

It appears, and was conceded, that the notes for $800 were executed and intended to have been in payment for the entire complete station under one contract. That the building was not completed the court found as a fact, saying: "It was conceded by the plaintiff that the plumbing work was not completed and that an allowance for $160 should be made for the non-completion of the said work."

Now the general rule is that where a contract is entire in its nature a recovery cannot be had until performance has been completed (13 *C. J.* 629) and no sufficient reason is advanced for the suggestion of the plaintiff that such rule is not applicable here.

Moreover, the delivery of the notes to the plaintiff did not result in the transfer of title to him, but the delivery

6

was conditioned, and such condition was not completely performed.

The facts disclose, as we have seen, that the twenty notes, totaling $800 were delivered to the contractor the day they were signed and before any part of the work whatever had been begun. Clearly the notes could not have been delivered to the plaintiff in payment for work which he had not yet begun, but were delivered to be effectual upon the completion of the job.

Now Revised Statutes of 1937, 7:2-16 provides, among other things:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto; as between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or endorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument * * *."

Since the uncontradicted evidence shows that the condition under which the notes were delivered had not been complied with the plaintiff cannot recover as against the appellant. 8 C. J. 737-8, ¶ 1015.

The judgment below from which this appeal is taken will be reversed, and a new trial granted. Costs to abide the event.