## NEWTOWN TITLE & TRUST CO. v. ADMIRAL FARRAGUT ACADEMY.

### Civ. A. No. 11645.

United States District Court
D. New Jersey.
June 9, 1949.

528

Leighton J. Heller, Camden, N. J., for plaintiff.

Thorn Lord, Newark, N. J. (Berry, Whitson & Berry and Franklin H. Berry, Toms River, N. J., of counsel), for defendant.

FORMAN, District Judge.

This matter was tried without jury. The defendant rested without offering any testimony, after which both plaintiff and defendant moved for judgment. The defendant's motion was grounded upon the contention that the plaintiff failed to state a cause of action.

The operative facts are based upon a contract entered into between Dean Anderson, Incorporated (Anderson) a promoter of financial campaigns and Admiral Farragut Academy (Academy), a boys' preparatory school, on December 5, 1946. By the terms of this contract, Anderson was to conduct a financial campaign for the Academy. The contract provided:

"12. As compensation for its services as hereinbefore set forth, in addition to expenses, salaries, etc., as hereinbefore set forth, Anderson shall be paid by Client (Academy) a fixed fee of Eleven Thousand seven hundred fifty Dollars ($11,750), which shall be paid in fifty-one (51) weekly installments of $225.00, and one (1) weekly installment of $275.00. This sum is included in the weekly payments of $689.50 mentioned in Paragraph 7."

\* \* \* \* \* \*

"18. It is mutually agreed by both Client and Anderson that, ninety (90) days after the starting date named in paragraph 1 of this agreement, either party may cancel this agreement upon Thirty (30) days written notice. In the event of such written notice upon the part of Client, Client agrees to pay the balance due of the fixed fee of Eleven Thousand and Seven Hundred Fifty Dollars ($11,750.) such balance to be paid in one inclusive payment on or before the date of cancellation; and campaign expenses incurred prior to

effective date of termination will be paid by Client."

The termination date was established by paragraph 1 of the agreement as 52 weeks after December 5, 1946 "unless extended by mutual consent in writing and signed by the parties hereto or unless terminated by either party as provided in paragraph 18." No proof has been offered of termination as provided by paragraph 18 of this agreement.

By written contract dated April 30, 1947 Anderson assigned a balance due of $7,250 on the fixed fee portion of the contract to the Newton Title and Trust Company (Bank), which Academy consented to on April 30, 1947, in the following terms:

"Know All Men, that Admiral Farragut Academy, of Toms River, State of New Jersey, for the consideration of $1.00, receipt whereof is hereby acknowledged, and other good and valuable consideration, hereby consents to the foregoing assignment to The Newtown Title and Trust Company of the balance of the fee of $11,750.00, which is due, or may become due to Dean Anderson, Incorporated, under the terms of the contract entered into between Dean Anderson, Incorporated, and Admiral Farragut Academy, on December 5th, 1946, as more particularly set forth under Paragraph 12 and 18 thereof.

"And the Admiral Farragut Academy further agrees as follows:

"1. That it has had no notice of any prior assignment by Dean Anderson, Incorporated, of amounts due the latter under the aforementioned contract.

"2. That at the present time, the unpaid balance of the fixed fee provided by Paragraph 12 of said contract is $7,250.00.

"3. That it will pay the weekly installments of the fixed fee due under Paragraph 12 of said contract directly to The Newtown Title and Trust Company, Newtown, Bucks County, Pennsylvania, and deduct said payments from those due Dean Anderson, Incorporated under Paragraph 7 of said contract.

"4. That at the time of executing this consent, Dean Anderson, Incorporated has not defaulted or failed to perform any of its obligations under said contract."

Thereupon a promissory note payable on demand for the sum of $5,000 was executed by Anderson to the order of the Bank on May 1, 1947 with the assignment of the "fixed fee" due from Academy to Anderson as collateral. The proceeds of the note were placed to the credit of Anderson by the Bank.

Two payments were made by the Academy to the Bank; $225 on May 12, 1947 and $450 on May 26, 1947. No further payments were made by the Academy.

The present action was filed in this court on September 11, 1948 for the sum of $6,575 alleged to be due. The complaint was in two counts, the first count alleging breach of the December 5th, 1946 contract; the second count alleged breach of the consent to assignment signed by representatives of the Academy. There is no allegation of performance by Anderson of the contract after April 30, 1947 nor did the plaintiff offer proof of performance at trial.

The defendant has asserted that it is entitled to judgment on the ground that the complaint fails to allege performance on the part of Anderson and that no evidence was offered to show performance by Anderson or breach of contract by the Academy as alleged in the complaint. The plaintiff urges, however, that judgment should be for it since the "fixed fee" part of the contract was assigned with the consent and knowledge of the Academy, that the Academy agreed to pay the balance of the fixed fee to the bank and that a novation arose. It insists that the "fixed fee" phase of the contract was absolute and beyond any power of the Academy to cancel as of the date of the consent and that proof of performance on the contract was unnecessary since the Academy's consent to the assignment operated as a novation.

In Cooke v. McAdoo, 85 N.J.L. 692, 695, 90 A. 302, 303, it is stated that "a novation implies the extinguishment of an existing debt or obligation by the parties thereto, and its transition into a new existence between the same or different parties * * *."

Cf. Restatement of Contracts, § 424, p. 798.

530

In Morecraft v. Allen, 78 N.J.L. 729, 733, 75 A. 920, 922, L.R.A.1915B, 1, the Court of Errors and Appeals of New Jersey there held that:

"Whether or not a debt has been novated is ordinarily a question of fact, and depends entirely upon the intention of the parties. Where there is no doubt as to the terms of the agreement it is a question of law."

The consent to the assignment by the Academy did not alter, extinguish, or substitute performance by Anderson. All that has occurred is the substitution of the person to whom the "fixed fee" is to be made and there is present herein only assignment to the bank of Anderson's right to receive compensation for its services rendering inapplicable the doctrine of novation.

The critical issue is whether there must be an allegation of performance of the contract by Anderson before the plaintiff may recover on the alleged installments. The assignment of Anderson's compensation to the Bank states that

"Dean Anderson, Incorporated has hereby covenanted with the Newtown Title and Trust Company as follows:

\* \* \* \* \* \*

"4. \* \* \* it will carry out the terms of the aforementioned contract and discharge its obligations thereunder in accordance with the terms of said contract."

The contract is of a personal nature wherein the Academy obtained the aid of a promoter skilled in conducting financial campaigns. As such the contract is within the scope of the decision in Dixon v. Smyth Sales Corporation, 110 N.J.L. 459, 166 A. 103, which held that contracts for personal services for stipulated compensation are construed as entire. Thus recovery cannot be had for a breach until performance has been completed. Introcaso v. Orrok, 124 N.J.L. 4, 10 A.2d 272. Consequently there is the requirement that performance must be averred before recovery may be had. Board of Education of City of Wildwood v. Richmond Construction Company et al., 92 N.J.L. 496, 105 A. 220; Ridgeley v. Walker, 86 N.J.L. 590, 92 A. 394, affirming, Ridgely v. Walker, 82 N.J.L. 341, 82 A. 861; Casey v. Leslie, 59 N.J.L. 6, 35 A. 6; Patten v. Heustis, 26 N.J.L. 293.

Paragraph 18 fixes the liability upon the part of the Academy to pay any balance of the "fixed fee" provided for Anderson in the event that the Academy cancelled the contract. No provision is made for this fee to be fixed and paid in its entirety to Anderson unless it fulfilled or tendered itself ready and willing to perform its obligations under the contract for the full 52 weeks thereof following December 5, 1946. It appears that the Academy paid every installment due to Anderson up to the date of the assignment. Thereafter it made payment of the equivalent of three weeks' installments to the Bank. In the state of the plaintiff's proofs before the court, there is no showing that Anderson was not in default in its obligations under the contract to perform services or that it tendered itself ready and willing to perform such services until December 5, 1947.

Let it be assumed, for the moment, that there was no assignment and consent and that Anderson was suing the Academy. It would be an essential element of the claim of Anderson for breach of the contract by Academy that it had performed services or had demonstrated a tender of performance for the full 52 week period to which it was committed by its contract. Absent such an essential element, it could not recover from Academy. Introcaso v. Orrok, supra; Dixon v. Smyth Sales Corporation, supra. The Bank in its purchase of Anderson's contract could not make its claim rise to any higher level than Anderson could assert. The assurances afforded by the Academy's consent to the assignment secured the Bank against misrepresentation as to the amount which Anderson could still earn upon its contract with the Academy, namely, $7,250 as of May 1, 1947 and that it would pay amounts due and to become due to Anderson directly to the Bank. These assurances under the Academy's consent did not go so far as to constitute a guarantee that it would pay the Bank the full sum of $7,250 even though Anderson abandoned its obligations under the contract and failed to give or

tender its services during the remaining weeks for which it was obligated to serve.

Therefore the failure of the Bank, plaintiff herein, to plead and prove that Anderson performed or tendered itself ready and willing to perform its obligations under the contract between it and the Academy precludes the Bank's recovery in this suit and judgment must be rendered in favor of the defendant.

All necessary facts and conclusions of law are contained in this opinion as contemplated by Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.