MECHANICAL DEVICES COMPANY, INC., PLAINTIFF-RE-
SPONDENT, v. GENERAL BUILDERS, INC., DEFEND-
ANT-APPELLANT.

Argued May 10, 1954—Decided June 7, 1954.

*Mr. Sol Phillips Perlman* argued the cause for the appellant (*Messrs. Perlman & Lerner*, attorneys).

*Mr. Leon L. Levy* argued the cause for the respondent.

The opinion of the court was delivered by

BURLING, J. The civil action from which this appeal developed was premised upon claims for breach of warranty growing out of a building contract. The Mercer County Court (Law Division), in which the action was instituted, on motion rendered judgment for the defendant, General Builders, Inc., and the plaintiff, Mechanical Devices Company, Inc., appealed. The Superior Court, Appellate Division, reversed. *Mechanical Devices Co. v. General Builders*, 27 *N. J. Super.* 501 (*App. Div.* 1953). We allowed certification on the defendant's petition therefor. 14 *N. J.* 350 (1954).

On August 17, 1951 the plaintiff and the defendant entered into an agreement whereby the defendant agreed to furnish labor and material for erection and construction of concrete foundations and floor slabs for three prefabricated storage warehouse buildings on the plaintiff's land at 141 Oakland Street, Trenton, New Jersey, plus additional labor and material as requested by the plaintiff during the course of the work. The agreed price for this labor and these materials was $16,392.03. It is not clear in any of the papers whether this contract was oral or in writing.

Plaintiff averred that it learned that the work was being improperly done "beginning at a time when the work was being done" and complained to the defendant, which, through its officers "continually warranted that the work was being done properly and the workmanship and materials were and

would be proper." The plaintiff alleged payment of the contract price and asserted in its complaint as supplemented by a more definite statement (see *R. R.* 4:12–5, formerly *Rule* 3:12–5), that "when defendant was pressing plaintiff for payment and plaintiff raised objections to the work that had been done by defendant, defendant gave to the plaintiff an instrument which purported to be a further guarantee in writing." This written guarantee was made in conjunction with the settlement hereinafter referred to. The agreement so adverted to reads as follows:

"February 11, 1952

To Mechanical Devices Company, Inc.

Provided you pay your indebtedness to us and with interest as provided in an agreement dated February 11, 1952, in which agreement you, Abner A. Rednor, Hannah Julian and we are parties, the undersigned hereby guarantees for a period of one (1) year, commencing October 5, 1951 and expiring at midnight October 5, 1952, the concrete floor laid by the undersigned on your property at 141 Oakland Street, Trenton, New Jersey against defects in workmanship and materials which were agreed to be furnished by the undersigned to you, provided further, however, that said concrete floor has not received or does not receive during said period usage or loads in excess of what is normal for that type of concrete work. The burden of proof in the event of any claim being made with respect to the subject matter hereof that the floor during said period has not received loads or usage in excess of what is normal as aforesaid shall be upon Mechanical Devices Company, Inc. If the said concrete floor cracks or breaks during said period as a result of any such defect in workmanship or material from normal loads or usage, we agree to patch the same at our own expense.

GENERAL BUILDERS, INC.<br>By (signed) Nathan Putchat<br>President."

The work under the August 17, 1951 contract was completed October 5, 1951. The plaintiff, Mechanical Devices Company, Inc., refused to pay the balance of $13,589 then due on the contract and the defendant, General Builders, Inc., on January 16, 1952 instituted in the Superior Court, Law Division, a civil action based on its mechanics' lien claim against the present plaintiff, Mechanical Devices Company, Inc., alleging in its complaint therein that it had *"complied in all respects with all agreements on its part to be per-*

*formed.*" (Emphasis supplied.) The present plaintiff, Mechanical Devices Company, Inc. (as defendant in that prior suit) filed no answer, but on February 11, 1952, the parties to that prior action entered into a written agreement of compromise and settlement, whereby the defendant, General Builders, Inc. (the then plaintiff) accepted a $3,000 payment from the plaintiff, Mechanical Devices Company, Inc. (the then defendant), and agreed to accept a promissory note of $10,589 of another party. Such note was to be reducible by monthly payments, and the maker agreed "not to set up any defense to a suit upon the said promissory note and/or this agreement except the defense of payment." It was agreed that Mechanical Devices Company, Inc. and another should pay all costs; and that General Builders, Inc. should consent to dismissal of that action and cancellation of its mechanics' lien claim upon final payment of the note. Contemporaneously with the delivery of said agreement, the present defendant, General Builders, Inc., executed and delivered to the present plaintiff, Mechanical Devices Company, Inc., the written guarantee of February 11, 1952, hereinabove quoted.

The present action was instituted by the plaintiff by complaint filed on December 1, 1952 in the Mercer County Court. In the complaint the plaintiff made no mention of the prior action or of the agreements of February 11, 1952, but alleged payment in full of the contract price and alleged that after making payment in full plaintiff learned of the alleged defective workmanship and materials. Reference to this last statement is hereinafter made. The complaint alleged warranties by the defendant (without disclosing whether these were oral or written) that the floors and foundations would be reasonably satisfactory for the use intended by the plaintiff and that the work would be done in a good and workmanlike manner. The plaintiff claimed damages for alleged breach of those warranties.

On defendant's motion therefor, the Mercer County Court ordered the plaintiff to file a more definite statement. *Rule* 3:12–5 (now *R. R.* 4:12–5). The statement filed by the plaintiff reiterated the warranties in the original complaint

again without disclosing whether they were oral or in writing and disclosed the full terms of the written guarantee of February 11, 1952, given at the time of the settlement as hereinbefore stated. The more definite statement contains this language:

"Plaintiff learned that the work was done improperly and faultily beginning at a time when the work was being done, and plaintiff, through its president, complained on a number of occasions to the defendant, but the defendant, through its officers, continually reassured the plaintiff and warranted that the work was being done properly and the workmanship and materials were and would be proper. Thereafter from time to time plaintiff concluded that the work or portions thereof were improper. The entire process of learning on the part of the plaintiff that the work and workmanship and materials were defective and faulty took place from a time during the period when the work was being done down to the time immediately before the filing of this suit."

The conduct of the present plaintiff following the settlement of the prior suit of the defendant herein (then the plaintiff) set forth in the affidavits hereinafter referred to negates the presence of any defects not existent at the time of settlement of the prior suit.

The defendant, in the present action, after the filing by the plaintiff of the more definite statement, moved for dismissal "of the complaint and the action herein upon the ground that it fails to state a claim upon which relief can be granted, and for judgment for the defendant" by reason of the prior suit hereinbefore referred to and the agreement of compromise and settlement in connection therewith. The only pleading was the complaint as supplemented by the more definite statement. Affidavits were presented without objection, and the trial court properly proceeded to dispose of the motion as one for summary judgment. *Rule* 3:12–2 (now *R. R.* 4:12–2).

The affidavits filed with the motion disclosed the February 11, 1952 agreement of compromise and settlement, and that payments were made to the defendant thereunder after the writing of a letter by the plaintiff purporting to give the defendant notice of the claimed breaches of warranty under the original contract. Further, they disclosed that the

plaintiff, also at a date subsequent to the settlement, paid the costs of the prior suit and sought and obtained release of the defendant's mechanics' lien. The prior suit was not further prosecuted, pursuant to the understanding of the parties, and subsequently payments of the amounts due on the note accepted at the compromise settlement were made, the court was advised that the case had been settled, and the action was dismissed by the court on December 19, 1952.

At this juncture it is observed that there was no claim advanced by the plaintiff upon the written guarantee of February 11, 1952 given at the time of the settlement of the prior action in either the complaint or the more definite statement (supplementing the complaint, former *Rule* 3:12–5, *supra*) or in the affidavits filed on the defendant's motion.

The Mercer County Court, on March 6, 1953, entered an order dismissing with prejudice all claims of the plaintiff in the present action except claims for breach of the "written warranty" of February 11, 1952. The order granted leave to the plaintiff to file an amended complaint based on that instrument. The plaintiff did not file or serve an amended complaint within the time limited by the court's order, and in consequence of that failure the Mercer County Court on May 8, 1952 entered judgment for the defendant. The plaintiff appealed to the Superior Court, Appellate Division, which reversed. As hereinbefore noted, we allowed certification to review the judgment of reversal.

The question involved on this appeal is whether the present action is barred by the prior suit, the conclusion thereof, by the compromise and settlement agreement of February 11, 1952 and the contemporaneous written guarantee of February 11, 1952. We find that the complaint as supplemented by the more definite statement thereof together with the affidavits show palpably that there is no genuine issue as to any material fact necessary to the determination of this case; that the defendant was entitled as a matter of law to the order and judgment entered in favor of the defendant by the Mercer County Court. See former *Rules* 3:56–3, 4, 5 (now *R. R.* 4:58–3, 4, 5).

■ It is clear that the plaintiff, Mechanical Devices Company, Inc., as defendant in the prior action had an available defense based upon its contentions to the builders' action for the balance of the contract price. Such a defense should have been pleaded by Mechanical Devices Company, Inc. in the prior action or be deemed waived. *Rule* 3:12–2 (now *R. R.* 4:12–2). *Massari v. Einsiedler*, 6 *N. J.* 303, 307–313 (1951). Compare *Kelleher v. Lozzi*, 7 *N. J.* 17, 22–25 (1951).

The plaintiff, Mechanical Devices Company, Inc., as defendant in the prior case, filed no answer. The failure to file an answer would have entitled the defendant, General Builders, Inc., (as the then plaintiff) to a judgment for the full amount of the balance due on the contract. Prior to the entry of any judgment, however, the parties effected a settlement. The plaintiff subsequently not only made payments under that settlement agreement but also actively enforced that agreement and obtained a release of the defendant's mechanics' lien claim under the agreement.

The plaintiff herein had resisted payment, was sued therefor and agreed upon settlement and security for payment the terms of which were met before the present suit. The builder was required to give up the protection of its mechanics' lien and discontinue the action thereon. The plaintiff accepted an unequivocal specific written guarantee relating to the workmanship and materials in connection with the concrete floor of the building erected.

The action of the parties resulted in the limitation of the claim of the plaintiff herein to any rights it possessed under the written agreement accepted by it at the time of settlement.

■ Inasmuch as the plaintiff did not comply with the trial court's order and did not amend its complaint to claim damages under the written agreement of warranty, the trial court properly entered judgment for the defendant. The present case appears to have been an attempt on the part of the plaintiff to avoid the provisions of the compromise and settlement of the prior suit.

For the reasons expressed in this opinion the judgment of the Superior Court, Appellate Division, is reversed, and the judgment of the Mercer County Court is reinstated and affirmed.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For affirmance*—None.