79 N.J. Super. 7 (1963)
190 A.2d 196
BENJAMIN RICCIARDI, ET AL., PLAINTIFFS-RESPONDENTS,
v.
MAX RABIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 11, 1963.
Decided April 11, 1963.
*8 Before Judges CONFORD, GAULKIN and KILKENNY.
Mr. Howard A. Goldberger argued the cause for appellant (Mr. Samuel O. Offen, attorney).
Mr. Albert M. Neiss argued the cause for respondents.
The opinion of the court was delivered by GAULKIN, J.A.D.
In an action instituted in the County district court and tried without a jury plaintiffs recovered judgments against defendant for injuries sustained in an automobile accident, and defendant appeals.
Plaintiffs are Federico Ricciardi, his wife Josephine, and their three infant sons, Benjamin, Vincent and Frederick, who sued by the father as "guardian ad litem." The complaint is in six counts, the first presenting Benjamin's demand for $2,800; the second, Vincent's for $2,800; the third, Frederick's for $2,800; the fourth, Josephine's for $2,500; the fifth, Federico's claim for $600 for the loss of the services of his sons and their medical expenses; and the sixth, Federico's claim for $500 for the loss of his wife's consortium and her medical expenses.
Defendant's first ground of appeal is that these demands must be aggregated and therefore the action is beyond the $3,000 jurisdiction of the County district court fixed by N.J.S. 2A:6-34. We disagree.
Even before our new practice it was held that when separate claims by separate plaintiffs, each separately cognizable in the district court, are joined in a single action, they are not to be aggregated for the purpose of determining jurisdiction. Navarro v. Martin, 22 N.J. Misc. 291 (D. Ct. 1944). See also 17 N.J. Practice (Fulop, District and Municipal Courts), §§ 172, 175, and the annotations in 72 A.L.R. 193 (1931) and 47 A.L.R.2d 651, 664 (1956).
*9 When Navarro v. Martin was decided the jurisdiction of the district court was $500. Since that time the jurisdiction of the district court has been greatly enlarged, and, in cases transferred from the county court and the Superior Court for trial, the district court may enter judgments in unlimited amounts. The drive of the present practice in all of our courts is to sweep aside all shibboleths and impediments which stand in the way of the swift decision of controversies on their merits, and even statutes which fix the jurisdiction of particular courts are interpreted in the light of our rules and our present practice to achieve that goal. See, for example, Vineland Shopping Center, Inc. v. DeMarco, 35 N.J. 459, 465 (1961). In that case the Supreme Court held that a County district court has jurisdiction to try equitable defenses, declaring, in words apt here (p. 469): "To hold otherwise would continue the procedural waste which the constitutional reform intended to end and indeed at a level of litigation wherein the litigants can least afford to bear it."
It seems to us it would be an odd step backward to hold that today plaintiffs with claims such as here must institute separate actions, even though those actions would doubtless be immediately consolidated for trial. We should not come to such a conclusion unless we are driven to it irresistibly by statute, rule or binding precedent. We find none that even points in that direction.
Defendant cites Vorhies v. Cannizzaro, 66 N.J. Super. 551 (App. Div. 1961). However, in that case the complaint was incompetently drawn and consisted of a single count in which the husband and wife jointly sued for $5,000, lumping their claims indiscriminately.
Defendant contends also that the damages awarded were excessive. Although the damages awarded to at least some of the plaintiffs do appear excessive, we find it impossible to reduce them because no stenographic record was made of the trial, and we are unable to say that the judge's report of the evidence and his findings of fact (although they contain *10 more heat than is desirable) do not support his conclusions.
Affirmed. No costs.
CONFORD, S.J.A.D. (concurring).
I agree substantially with the disposition by the court of this appeal. I do not, however, agree with the declaration that the County district court had jurisdiction to entertain the action within the provisions of N.J.S. 2A:6-34. The aggregate judgments awarded the plaintiffs in this case exceeded $3,000 and since these were all entered in one action, it is my view that the judgment exceeded the limitation of N.J.S. 2A:6-34 of the County district court to actions where the matter in dispute does not exceed $3,000. We have already so held. Vorhies v. Cannizzaro, 66 N.J. Super. 551, 560 (App. Div. 1961) (claims of husband and wife in one action exceeding the jurisdictional limit).
I concur in the result, but would implement it not by an affirmance but by exercising our authority under R.R. 1:27D(b) to direct entry of the same judgment in the Superior Court, Law Division, Essex County, where there is of course unlimited jurisdiction, as was done in Vorhies v. Cannizzaro, supra.
The jurisdictional statute here involved reads as follows:
"2A:6-34. (a) Every action of a civil nature at law, other than a proceeding in lieu of a prerogative writ, and every action to recover any penalty imposed or authorized by any law of this State, where the debt, balance, penalty, damage or other matter in dispute does not exceed, exclusive of costs, the sum or value of $1,000.00, except that in actions for damages resulting from negligence such sum shall not exceed $3,000.00, exclusive of costs, shall be cognizable in the county district courts of this State." (Emphasis added)
So far as I am concerned, there is no ambiguity whatsoever in this statute nor any proper reason why we should not enforce it as written. There was only one action in this matter in the County district court, and consequently the County district court was without jurisdiction to enter judgments *11 therein exceeding $3,000 notwithstanding separate causes of action were prosecuted on behalf of different individual plaintiffs in the action. As stated with cogent bluntness by Mr. Justice Francis in his concurring opinion in Canada Dry Ginger Ale, Inc. v. F & A Distrib. Co., 28 N.J. 444, 458 (1958):
"When language employed by the Legislature is clear and unambiguous, the interpretive function of the judicial branch of the government is simple and confined. The law should be applied as written. Under our tripartite system of government, we cannot concern ourselves with matters of legislative wisdom or policy. If the constitutional power exists to promulgate the particular fiat, it must be accepted even if personally we believe it to be a legislative mistake. Nor can the judiciary under the guise of interpretation read into an enactment a more limited policy than that which is clearly projected into action by the words of the lawmakers."
The court here says:
"I seems to us it would be an odd step backward to hold that today plaintiffs with claims such as here must institute separate actions, even though those actions would doubtless be immediately consolidated for trial. We should not come to such a conclusion unless we are driven to it irresistibly by statute, rule or binding precedent. We find none that even points in that direction."
However, I view that approach as substituting the court's conception of what is convenient or desirable for the plain and explicit legislative definition and limitation of the jurisdiction of the County district court. Jurisdiction over the subject matter of courts is peculiarly within the legislative domain. In my judgment, it is unwarranted to construe language that will not bear construction in order to serve a supposed end of procedural or administrative convenience in litigation. The term "action" is a word of art in this context and should be so read in this statute.
This is not a case where by reason of artless or careless legislative draftsmanship there is so clear a variance between the absolutely unmistakable legislative intent and the literal provisions of the statute as to compel the court to disregard the latter in order to effectuate the former, as we had to do in *12 Graham v. Asbury Park, 69 N.J. Super. 256, 262, 263 (App. Div. 1961), affirmed o.b., 37 N.J. 166 (1962). Here, whether we like the legislative command or not, we cannot say the lawmaking body has not expressed itself with sufficient clarity and precision to communicate its intent, so as to invoke our constitutional obligation to respect it as expressed.
If it is the view of the courts that the County district court should have jurisdiction in every action wherein no individual count or cause of action pleaded exceeds a given sum (e.g., $3,000 in tort actions), I suggest the appropriate course is to request legislative action by way of amendment. Compare, e.g., N.J.S. 2A:15-47.1.
Practical recognition by the draftsmen of our rules of practice that an action remains a single action notwithstanding the joinder therein of separate claims or causes of action is evident. Note, for example, R.R. 4:31-2, referring to the joinder of "two claims" in a "single action." See also R.R. 4:31-1, dealing with joinder of claims where there are multiple parties; also R.R. 4:33-1(a), "all persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, in the alternative or otherwise, in respect of or arising out of the same transaction, occurrence * * *." (Emphasis added) I do not cite these rule provisions as indicative that the Legislature had them in mind when enacting the jurisdictional statute here involved. The statute long antedates the rules. They are merely demonstrative of the automatic assumption by the draftsmen of our rules that the inclusion of multiple claims or causes of action in a single complaint does not constitute the resultant suit more than one action. Why should it be thought the Legislature intended "action" to mean otherwise in this enactment?
Thus, as I find the statute before us perfectly clear on its face, I must express my view that it prohibits the entry in the District Court of a judgment in a single tort action in a greater aggregate sum than $3,000, no matter how many separate claims are encompassed therein. Vorhies v. Cannizzaro, supra.