ALFRED S. BERNSTEIN and LENORE BERNSTEIN, Plaintiffs

v.

THE BUCCANEER, INC., Defendants

Civil No. 198-1967

Municipal Court of the Virgin Islands

Div. of St. Croix

October 19, 1967

VINCENT A. GAMAL, ESQ., Christiansted, St. Croix, Virgin Islands, *for plaintiffs*

YOUNG & ISHERWOOD (JAMES M. BERGEN, ESQ.), Christiansted, St. Croix, Virgin Islands, *for defendant*

JOSEPH, *Judge*

## ORDER

Plaintiffs herein, Alfred S. Bernstein and Lenore Bernstein, have filed suit herein for damages which they have allegedly suffered as a result of an accident when they both fell from a retaining wall on defendant's premises. The suit contains two counts, one for the husband, Mr. Bernstein, and one for his wife. One count, for damages claimed by Mrs. Bernstein, is in the amount of $5,000. In the second count Mr. Bernstein claims damages of $10,000. The matter presently before the court is a motion to dismiss filed by defendant wherein it claims that since the total amount sued for is in excess of $10,000 this court lacks jurisdiction to entertain the suit.

This question has been considered by the courts in a number of jurisdictions and, from a reading of these cases, it is clear that defendant's contention is groundless.

In a frequently cited New Jersey case, Navarro v. Martin et al., 22 N.J. Misc. 291, 38 A.2d 691, the court considered a number of such cases. In that case a husband and wife were sued for damages arising from an automobile accident. They counterclaimed. The first count of the counterclaim was for $500 (the maximum of the court's jurisdictional amount) for personal injuries to the wife.

The second count was for $300 damages suffered by the husband and the third count was for $200 damages claimed by the husband for medical expenses he incurred for his wife. The court held that the counterclaim did not exceed the maximum jurisdiction of the court as the total demands of any one claimant, and not the aggregate demands of both claimants controlled.

The decision in Navarro was followed in the more recent case of Ricciardi v. Rabin, 190 A.2d 196, 79 N.J. Super. 7, 1963. There plaintiffs, Ricciardi, his wife and three minor children, sued in six counts for their separate damages. Although each count was under the maximum amount of the court's jurisdiction, the total of the claims exceeded it. The court ruled that when separate claims by separate plaintiffs, each separately cognizable by the court, are joined in a single action, they are not to be aggregated for the purpose of determining jurisdiction. The Court stated:

"It seems to us it would be an odd step backward to hold that today plaintiffs with claims such as here must institute separate actions, even though those actions would doubtless be immediately consolidated for trial. We should not come to such a conclusion unless we are driven to it irresistibly by statute, rule or binding precedent. We find none that even points in that direction."

A decision of the Municipal Court of Appeals for the District of Columbia, decided in 1947, Taylor et ux. v. Yellow Cab Co. of D.C., 53 A.2d 691, also followed the Navarro rule. The maximum monetary jurisdiction of the Municipal Court was then $3,000. Husband and wife were both passengers in the taxicab involved in a collision. They filed one complaint in which the husband claimed $2,500 for his damages, the wife claimed $3,000 for hers, and the husband an additional $500 for medical expenses for his wife, her loss of services, etc. The court ruled that since

neither party claimed more than the $3,000 maximum the court had jurisdiction even though the total claimed was $6,000, saying:

"Furthermore, the best reasoned decisions hold that where there are separate or several as distinguished from joint causes of action, each for a sum within the jurisdiction of a court, they may be joined in one action even though the aggregate claims exceed the jurisdictional amount."

Accordingly, on the basis of this reasoning, with which this court is fully in accord, defendant's motion to dismiss is hereby denied.