ANTONIO ORO AND NORBERTO TORRIENTE, PLAINTIFFS, v. VASPOLI CONSTRUCTION COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY AND JOSEPH VASPOLI, DEFENDANTS AND THIRD-PARTY PLAINTIFFS, v. LEE A. GARELL AND BONITA B. GARELL, HIS WIFE, THIRD-PARTY DEFENDANTS.

District Court—Atlantic County

January 17, 1980.

*Cosmo A. Giovinazzi, III* for plaintiffs (*Tuso, Gruccio, Pepper, Buonadonna, Giovinazzi* and *Butler*, attorneys).

*Charles Gemmel* for defendants and third-party plaintiffs (*Previti, Todd* and *Gemmel,* attorneys).

*Jeffrey Gold* for third-party defendants.

CONNOR, J. D. C.

This matter involving certain contractual disputes was settled pursuant to stipulation of the parties. As part of that stipulation the entitlement of plaintiff to recover counsel fees from defendants Garell was left to the court's determination, it having been agreed that any obligation for counsel fees would be borne by the Garells.

The claimed obligation to pay counsel fees arises out of paragraph three of a promissory note dated December 7, 1977. That paragraph reads as follows:

> The attachment of credits or property of the undersigned or of any such endorser or guarantor with the payees. Mortgagor [*sic*] shall have the right to pay off the entire balance at any time without payment penalty.
>
> Upon default in the payment of this Note, or any sum due hereunder, the aggregate amount of this note remaining unpaid shall without notice or demand at once become due together with interest at 8 percent, collection charges and attorneys fees, which shall be payable by the undersigned or the guarantors in the event this note is turned over to an attorney for collection.

The first count of plaintiff's complaint sought recovery of the $2,750 due on the principal balance, and interest of $270.26. The excess over the county district court's jurisdictional limit of $3,000 was expressly waived. See *N.J.S.A.* 2A:6 35(b). As part of the stipulated settlement, plaintiffs were paid $3,000 as if judgment were awarded for that sum. The second count of the complaint sought counsel fees pursuant to paragraph three of the promissory note set forth above.

The initial issue to be resolved is whether there is jurisdiction to award fees since the $3,000 stipulated settlement for principal and interest reaches the statutory jurisdictional limit of *N.J.S.A.* 2A:6–34. There appears to be no decisional authority as to

whether a contractual provision for attorney's fees is a "distinct separate claim" within the meaning of *N.J.S.A.* 2A:6 34.1 or whether the total damages awarded, *including* contractual attorney's fees, cannot exceed $3,000.

*Nieves v. Baran,* 164 *N.J.Super.* 86 (App.Div.1977), was an action under *N.J.S.A.* 56:8 1 *et seq.,* the so-called Consumer Fraud Act. There the court considered the county district court jurisdictional limit in conjunction with an award for treble damages pursuant to *N.J.S.A.* 56:8ᵉ 19. It was held that the treble damage award could not exceed the jurisdictional limit of *N.J.S.A.* 2A:6 -34. Without any discussion of reasons, the court allowed recovery of a $750 counsel fee in addition to the $3,000 damages. *Id.* at 93.

Since no reasons were articulated, one can only speculate as to whether the court conceived the mandate of *N.J.S.A.* 56:8 19 to "also award reasonable attorneys' fees" was a "distinct separate claim" within the meaning of *N.J.S.A.* 2A:6 34.1, or whether the mandate of *N.J.S.A.* 50:8 19 was itself sufficient authority to award counsel fees above the $3,000 jurisdictional limit. In any event, the clear purpose of *N.J.S.A.* 59:8 19 is to provide the consumer with an effective remedy against fraudulent practices, and the determination made in *Nieves v. Baran, supra,* should be understood in that context.

This case involves a contractual provision for counsel fees. A comprehensive discussion of contractual counsel fees is contained in *Cohen v. Fair Lawn Dairies, Inc.,* 86 *N.J.Super.* 206 (App.Div.1965). After holding such a provision to be valid and enforceable, the court went on to say:

> Moreover, the award of a "counsel fee," as such, is a discretionary act, which, when exercised, need not necessarily be guided solely by the value of the legal services performed. Under an agreement, on the other hand, the remedy is one of damages, to be assessed by verdict of the finder of fact as a matter of right, and in the actual amount of damages established by the proofs.

> Thus, when a court enforces an agreement of the kind under consideration and awards what it finds to be the actual, reasonable and necessary expense of the aggrieved party in maintaining the action as part of his general damages, it is not allowing a "counsel fee," at least not in the sense intended and contemplated by the rules of court. It is merely adjudicating damages for breach of contract, albeit including therein an item which, as a matter of public policy entirely apart from the rules of court, would not be compensable were it not for the voluntary advance agreement of the parties that it should be so compensable as part of the general damages. [At 215]

That analysis is helpful to the disposition of this case. The provision for counsel fees' contained in paragraph 3 of the promissory note is simply an element of damages to be considered along with the claim for the balance due on principal and accumulated interest. The obligations imposed upon defendant by the promissory note arise out of a single transaction and are not "separate distinct claims" within the meaning of *N.J.S.A.* 2A:6-34.1.

Judgment is accordingly entered dismissing the claim for counsel fees as being beyond the monetary jurisdictional limit imposed by *N.J.S.A.* 2A:6-34. It is thus unnecessary to resolve the dispute over the reasonableness of the fees sought.