183 N.J. Super. 431 (1982)
444 A.2d 73
EMANUEL M. BOMSE AND MARGUERITE D. BOMSE, PLAINTIFFS,
v.
NEIL MULLIN, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 18, 1982.
Decided March 31, 1982.
*432 Before Judges FRITZ, ARD and TRAUTWEIN.
Balk, Goldberger, Mandell, Seligsohn & O'Connor, for plaintiffs (Louis David Balk on the brief).
Neil Mullin, defendant, pro se.
PER CURIAM.
The novel question raised by defendant's motion for leave to appeal in this matter is whether the subject matter jurisdiction of the county district court, limited to $5,000 exclusive of costs (N.J.S.A. 2A:6-34(a)), extends to an 11-count complaint, each count of which alleged a debt evidenced by a note for less than $5,000 but the aggregate of which totalled $8,740. We are satisfied that it does not.
When the reach of a statute is explored, the search is one for the intent of the Legislature. State v. Madden, 61 N.J. 377, 389 (1972). We believe the legislative purpose to restrict actions in the county district court to an aggregate of $5,000 in matters of money loaned is manifested distinctly in two ways. First, in the limiting language employed by the Legislature the cause of action is described in terms of "debt" and "balance" as well as "matter in dispute" rather than by reference to individual transactions or installments or parts of the whole. By itself, or coupled with our penchant for the "single controversy doctrine," Ajamian v. Schlanger, 14 N.J. 483 (1954), cert. den., 348 U.S. 835, 75 S.Ct. 58, 99 L.Ed. 659 (1954); Wm. Blanchard Co. v. Beach Concrete Co., 150 N.J. Super. 277 (App.Div. 1977), certif. *433 den., 75 N.J. 528 (1977), this language clearly suggests an intent to aggregate in debt cases. Perhaps more significant as a clear expression of the intent to aggregate in a case such as this is the enactment of N.J.S.A. 2A:6-34.1, a companion statute in which the Legislature expressly extended jurisdiction by virtue of nonaggregation "in actions for damages resulting from negligence." Had it meant to include actions on a debt in this exceptional category, it most certainly would have said so instead of limiting the unique jurisdictional situation to actions sounding in negligence. It is fundamental that statutes in pari materia, i.e., dealing with the same subject matter  here the jurisdiction of the county district court  "are to be construed together as a unitary and harmonious whole," even though one be special and one general. Clifton v. Passaic County Bd. of Tax., 28 N.J. 411, 421 (1958).
In their response to defendant's motion, plaintiffs, satisfied simply to refer us to "the Memorandum submitted at the District Court Level," cite two cases. Each is clearly distinguishable.
Kingsley v. Wes Outdoor Advertising Co., 55 N.J. 336 (1970), permitted the entry of a judgment in the county district court in excess of the general jurisdictional limit. However, the combined actions there were for the recovery of individual penalties and their collection was authorized by a special statute, separate and apart from the general jurisdiction statute, conferring jurisdiction to enforce the act for the violation of which the penalties were brought. The Supreme Court held that the special statute superseded the general jurisdictional restriction. There is no such special statute in the matter before us now.
The sole concern of Oro v. Vaspoli Constr. Co., 172 N.J. Super. 447 (Cty.D.Ct. 1980), revolved around the question of whether the jurisdictional limit imposed by statute was exclusive of contractual attorney's fees. The case is not at all apposite here.
Subsequent to the filing of this motion for leave to appeal from his refusal to dismiss the complaint on the motion of *434 defendant, the trial judge filed a letter pursuant to R. 2:5-1(b). In this the following appears:
... The action was in contract but the sum of the various counts exceeded $5,000., and this court, of course, has no power to enter a Judgment exceeding $5,000.
If there were oral argument, the court would have advised the attorney for the plaintiff that no Judgment could be granted to exceed $5,000. and any excess would be waived. If the plaintiff wishes to waive the excess, the order will be amended to so provide.
Without respect to whether this letter implicitly concedes the lack of jurisdiction in the county district court in the circumstances here present, we note that plaintiffs have manifested no inclination at all to waive the excess. N.J.S.A. 2A:6-35(b).
The motion for leave to appeal is granted. Pursuant to R. 2:11-2 we have elected to consider the merits of the appeal simultaneously with this motion. We now reverse and vacate the denial by the trial judge of defendant's motion to dismiss the complaint. The matter is remanded to the trial court for its consideration of plaintiffs' motion to transfer pursuant to R. 1:13-4, or in the event plaintiffs do not file such a motion within 30 days hereof, dismissal of the action. No costs to any party, either in the trial court or here. We do not retain jurisdiction.