230 N.J. Super. 205 (1988)
553 A.2d 67
CARMEN LOMBARDI, PLAINTIFF,
v.
EUNICE MARZULLI AND LUIGI MARZULLI, DEFENDANTS.
Superior Court of New Jersey, Law Division Essex County.
Decided October 7, 1988.
*206 John P. McDermott for the plaintiff.
Both defendants appeared pro se.

OPINION
FAST, J.S.C.
This action presents an issue not otherwise reported in New Jersey. The issue is whether a single plaintiff may sue multiple defendants in a single action in the Special Civil Part and recover a judgment which is no more than $5,000 each against the individual defendants but which totals over $5,000 against all defendants. This opinion concludes that the total judgment in such a circumstance may not exceed $5,000.
The plaintiff at one time was engaged to be married to the defendant Eunice Marzulli. While engaged, he had given her an engagement ring and money, and also while engaged, advanced money to her father. This case was submitted to a jury which found that the ring and money were conditional gifts, to be returned if the engagement was terminated. It was terminated, but the defendants had not returned the ring or the money to the plaintiff. The jury returned verdicts in favor of the plaintiff for $2,000 on the first count (the value of the ring, which had been sold by Eunice); $3,000 on the second count *207 (the money advanced to Eunice); and $1,000 on the third count (the money advanced to Eunice's father).
N.J.S.A. 2A:6-34 provides that:
(a) Every action of a civil nature at law, other than a proceeding in lieu of prerogative writ, and every action to recover any penalty imposed or authorized by any law of this State, where the debt, balance, penalty, damage or other matter in dispute does not exceed the sum or value of $5,000.00, exclusive of costs, shall be cognizable in the special civil part of the Superior Court.
This case requires the application of that statutory section. Where a statute is clear and unambiguous, there is no need to apply the various guides to the interpretation of a statute. Watt v. Mayor and Council of Bor. of Franklin, 21 N.J. 274, 277 (1956). I find this statute to be clear and unambiguous, notwithstanding the plaintiff's contention that the "debt, balance ... or other matter in dispute" must be determined by reference to the claim against each defendant separately; that the claims are not to be aggregated. His position is based on the premise that there were three separate and distinct counts, each spelling out a separate cause of action, and that the causes against no defendant exceeded the sum or value of $5,000.
The phrase "every action" controls the issue. Judge Conford, in his concurring opinion in Ricciardi v. Rabin, 79 N.J. Super. 7, 11 (App.Div. 1963), said "The term `action' is a word of art in this context and should be so read in this statute."
He continued with:
If it is the view of the courts that the County district court should have jurisdiction in every action wherein no individual count or cause of action pleaded exceeds a given sum (e.g., $3,000 in tort actions), I suggest the appropriate course is to request legislative action by way of amendment. Compare, e.g., N.J.S. 2A:15-47.1
Practical recognition by the draftsmen of our rules of practice that an action remains a single action notwithstanding the joinder therein of separate claims or causes of action is evident.
Judge Conford was referring to the predecessor statute, N.J.S.A. 2A:6-34. Shortly after his suggestion, N.J.S.A. 2A:6-34.1 was legislated. It became effective July 1, 1965, just more than 2 years after the Ricciardi decision. Until that time, *208 negligence actions were limited in amount in County District Court actions, the same as all other District Court actions.
The application of the subject section, N.J.S.A. 2A:6-34, must be contrasted with N.J.S.A. 2A:6-34.1. The sections have a material difference. N.J.S.A. 2A:6-34.1 "relat[es] to actions for damages resulting from negligence" and provides that the court shall have jurisdiction
... where several distinct separate claims are made and asserted in one action on separate counts or otherwise, notwithstanding that the said claims in the aggregate shall exceed $5,000.00 exclusive of costs, provided that none of the separate distinct claims shall exceed $5,000.00.
The legislature acknowledged its recognition of the difference between "several distinct separate claims" and "one action." Although it chose to apply several distinct separate claims as the jurisdictional criterion in negligence actions, it preserved the single action criterion for claims not based on negligence.
Also note that the distinction is made for damages "resulting from negligence." Therefore, even if the instant action were based on the tort of conversion, the plaintiff would not be able to aggregate his claims in the one action commenced in the special civil part. That is, the statute [34.1] does not even relate to "torts"; the legislature restricted the right of aggregation to actions based on claims of negligence only.
Just as the legislature amended the statute as suggested by Judge Conford (with reference to negligence claims), it could have amended the statute with reference to parties. Specifically as related to this case, the statute could have been amended to the effect that "no claim against any one party, when joined in a single action with a claim against another [or others], etc." Considering the language of the subject statute, particularly after the amendment post Ricciardi, it is clear that the jurisdiction of the Special Civil Part in a case of this type is limited to $5,000 total in one action.
Research into New Jersey cases has disclosed no case not involving claims of negligence or not involving multiple plaintiffs *209 [or actions to enforce penalties, which has its own statutory provision] which allowed a judgment in excess of the jurisdictional amount. It may be considered that the closest factual situation is Navarro v. Martin, 22 N.J. Misc. 291 (2d Jud.Dist.Ct., Monmouth Cty., 1944) where there was one plaintiff. However, the discussion in that case about the jurisdictional limit actually revolved around the counterclaims of multiple defendants.
The significance of multiple claimants (as defendants presenting counterclaims, such as in Navarro, or as plaintiffs, as in Fusco v. Hale Furniture Co., Inc., 95 N.J. Super. 539 (App.Div. 1967)) was noted in Reiser v. Simon, 63 N.J. Super. 297, 303 (App.Div. 1960):
The jurisdictional limit therefore applies to the entire amount in controversy, in contradistinction to the situation wherein each of two or more defendants, asserting separate damages, personal unto himself, counterclaim for the maximum amount. [Citing e.g., Navarro, supra.]
Bomse v. Mullin, 183 N.J. Super. 431 (App.Div. 1982) lends support to the same conclusion. The jurisdictional issue was discussed there also, where there was an 11 count complaint, each count alleging a debt evidenced by a note for less than $5,000 but the aggregate of which totalled $8,740. The court there held that the statutory language "clearly suggests an intent to aggregate in debt cases." Id. at 433. Bomse lends support to the conclusion reached in the instant case, but differs because there was only one defendant, unlike our case, with two separate defendants.
This opinion does not rest on just the language of the statute. Rather, it also relies on the spirit of the legislation. Although it may seem to be "an odd step backward to hold that today plainitff[s] with claims such as these must institute separate actions, even though those actions would doubtless be immediately consolidated for trial," Ricciardi v. Rabin, 79 N.J. at 9, "[J]urisdiction over the subject matter of courts is peculiarly within the legislative domain.... it is unwarranted to construe language that will not bear construction in order to serve a *210 supposed end of procedural or administrative convenience in litigation." Id. at 11 (concurring opinion of Judge Conford).
Although there is a rule of relaxation for the Rules of Court, there is no rule of relaxation for applying statutes.
The policy reason to support this decision is that:
The statutory scheme for the county district courts, as supplemented by the court rules, is designed to establish a streamlined structure and practice for the inexpensive and expeditious disposition of the many relatively minor personal injury, property damage and commercial causes which make up the vast bulk of the litigation in this State....
We recognize the practical considerations involved. The lower cost of instituting and trying the actions, as well as the prompt disposition which may rightfully be anticipated in the county district court, are important considerations to prospective plaintiffs and their attorneys in the choice of that forum. In negligence and other unliquidated damage actions begun in the county district court it may reasonably be expected that they will weigh these advantages against the possibility that such recovery will be in excess of the jurisdictional limit of that court. [Andriola v. Galloping Hill Shopping Center, Inc., 93 N.J. Super. 196, 200-201 (App.Div. 1966)]
The plaintiff selected the forum, together with its advantages (as spelled out in Andriola), not the defendants.
The jury verdict will be molded so that a judgment will be entered by the clerk of this court in favor of plaintiff and against the defendant Eunice Marzulli for $4,166.66 (5/6ths of $5,000) and against the defendant Luigi Marzulli for $833.34 (1/6th of $5,000). Costs are to be taxed against the respective defendants by the clerk in the same proportion.
[As an addendum to this opinion, I would like to add the observation that the unification of the trial courts into the Superior Court in 1983 did not affect the decision reached herein. The subject section, N.J.S.A. 2A:6-34, was amended in 1986 to refer to the special civil part. That acknowledges the legislative intention to preserve certain distinctions between the law division and the special civil part, and the advantages to a plaintiff by proceeding in the special civil part, as spelled out in Andriola v. Galloping Hill Shopping Center, Inc., supra.]